IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DEENAY OCHOA<br><br>ADRIAN ORONA<br><br>JUAN VILLAGOMEZ,<br><br>and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RUBEN ISRAEL AGUILAR<br><br>HIGH HORSE INVESTMENT LLC, and<br><br>HH ADMINISTRATION LLC,<br><br>    Defendants. | Civil Action No. 24-CV-597<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Plaintiffs Deenay Ochoa, Adrian Orona, and Juan Villagomez (collectively, "Plaintiffs") are, or have been, employed as "budtenders" by Defendants High Horse Investment LLC, HH Administration LLC, and Ruben Israel Aguilar (collectively "High Horse" or "Defendants"), and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) and as both a collective and class action pursuant to the New Mexico Minimum Wage Act (NMMWA), N.M. Stat. § 50-4-22, and under New Mexico common law, against the Defendants on behalf of themselves and all others similarly situated because of Defendants' improper retention of their tips in violation of the FLSA and NMMWA. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages,

equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, the NWMWA, N.M. Stat. § 50-4-19, *et. seq.*, and under New Mexico common law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs are, or have been, employed by Defendants at their "High Horse Cannabis Co." dispensary locations in New Mexico. Defendants employ, or have employed, Plaintiffs in the position of "budtender." Plaintiffs have given their written consent to be party-plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Their consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the NMMWA. Plaintiffs also bring this action as a class action on behalf of themselves and the class defined below in accordance with Fed. R. Civ. P. 23 and the NMMWA.

5. Defendant High Horse Investment LLC is a New Mexico corporation that does business in New Mexico. Its mailing address, principal place of business, and headquarters are at 5300 McNutt Road, Suite 12, Sunland Park, NM 88008. It can be served via its registered agent, Ruben Aguilar, at 5300 McNutt Road, Suite 12, Sunland Park, NM 88008.

6. HH Administration LLC is a New Mexico corporation that does business in New Mexico. Its mailing address, principal place of business, and corporate headquarters are at 1685 N Main St., Las Cruces, NM 88001. It can be served via its registered agent, Ruben Aguilar, at 1685 N Main St., Las Cruces, NM 88001.

7. Defendant Ruben Aguilar is a New Mexico resident. He is an owner, agent, and officer of High Horse Investment LLC and HH Administration LLC. He is directly involved in the operation and management of High Horse's retail locations. Upon information and belief, his address is 701 Arcy St., Santa Teresa, NM 88008.

8. Defendants own and operate at least three cannabis dispensaries in New Mexico, located at 545 S. County Line, Chapparral, NM 88081; 580 S. Valley Dr., Suite 300, Las Cruces, NM 88005; and 1685 N. Main Street, Las Cruces, NM 88001. Defendants also own and operate a manufacturing and distribution facility at 750 W. Palms, Las Cruces, NM 88007.

9. Defendants have, within the past 12 months, owned and operated a now-closed cannabis dispensary located at 2126 W. Marland Boulevard, Hobbs, NM 88240.

10. Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d), and N.M. Stat. § 50-4-21(B). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a)

11. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.00.

12. At all times material herein, Defendants have been actively conducting business in New Mexico.

**FACTS**

13. High Horse currently operates at least three retail cannabis dispensaries in New Mexico, purporting to offer a "premium cannabis experience" and "a holistic approach to cannabis, emphasizing education, community, and a celebration of life."[1]

---

[1] High Horse Cannabis Co., *About HighHorse Cannabis*, available at: https://highhorsenm.com/about/ (last accessed June 6, 2024)

14. Of these dispensaries, one is a drive-through, another operates in a standard retail configuration where customers park and come inside to purchase cannabis products, and the third offers both drive-through and walk-in service.

15. To serve customers at its dispensaries, High Horse employs so-called "budtenders." A play on the word "bartender," "budtenders" dispense cannabis products to customers at a given retail location. Budtenders operate the cash register and work the sales floor (or sales window, at the drive-through location), assisting customers in selecting and purchasing cannabis products. High Horse pays its budtenders hourly at a rate of approximately $15.00 per hour.

16. As High Horse explains, budtenders' role "goes beyond just selling products; they aim to build relationships and make each visitor feel like part of the High Horse family." To that end, budtenders are "[t]rained in cannabis knowledge and dedicated to staying updated on industry trends[;] they're here to guide, educate, and create a comfortable environment."[2]

17. As is common and customary in the cannabis industry, and because of their relationship with customers, budtenders at High Horse's retail locations customarily and regularly earn more than $30 per month in tips. Indeed, Plaintiffs regularly earned between $30-$70 per shift in tips.

18. High Horse only accepts cash, so customers directly provide budtenders with cash tips.

19. However, as a matter of company-wide policy across its retail locations, High Horse does not allow its budtenders to keep their tips—Defendants instead retain the tips for themselves. This policy of retaining tips began on or around at least October 2022, when High Horse opened its second retail location, and continues to this day.

---

[2] *Id.*

20. Defendant Ruben Aguilar was responsible for designing and implementing this policy across all High Horse retail locations.

21. Upon receiving tips from customers, Plaintiffs at all locations are required to surrender those tips to either their supervisors directly, or to place them in a jar or other receptacle.

22. This jar has sometimes been called a "karma jar" at all locations because, at times, Defendants represented to Plaintiffs that the retained tip money would be used to help customers who could not afford cannabis or would be given to a charity that was established and operated by Defendants to provide cannabis products to cancer patients.

23. Outside of this charity, Defendants have not indicated to Plaintiffs what the tips were ultimately used for.

24. Plaintiffs did not consent to this arrangement; they were required by High Horse policy—across all locations—to forfeit their tips into the "karma jar" or otherwise provide their tips to Defendants.

25. If Plaintiffs kept any of their tips for themselves and failed to forfeit them, they would be subject to discipline.

26. Despite Plaintiffs' repeated inquiries and protests, Defendants continued to retain Plaintiffs' tips.

27. Furthermore, despite Plaintiffs' repeated inquiries, Defendants never provided Plaintiffs with receipts or information showing that the tips had, in fact, been distributed to the charity, or that the charity had provided the services that Defendants represented it would provide.

28. High Horse set its policy of retaining budtenders' tips centrally for all of its retail locations.

29. Additionally, budtenders can work at any of High Horse's retail locations depending on need, or even at its manufacturing and warehousing facility.

30. High Horse utilizes a single Human Resources manager across all of its locations and maintains common records—using the same spreadsheets, timekeeping, payroll, and other recordkeeping programs—and policies across its locations. For example, it manages its payroll and pay policies centrally, including any recordkeeping related to its retention of tips. It also sets other policies relating to budtenders, such as sales benchmarks or incentives, centrally for all of its locations.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND NMMWA

31. Defendants have violated the provisions of the FLSA and NMMWA, resulting in damages to Plaintiffs and those similarly situated, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

32. As a result of the failure to pay wages in accordance with the FLSA and NMMWA, Plaintiffs, as well as those similarly situated, have suffered monetary damages by failing to receive their lawfully owed tips during their employment with Defendants. In addition to the amount of unpaid tips owing to the Plaintiffs and those similarly situated, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b). Under N.M. Stat. § 50-4-26, Plaintiffs and those similarly situated are entitled to an additional amount equal to two times the amount of unpaid tips as liquidated damages owing to Plaintiffs and those similarly situated.

33. Plaintiffs and those similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b) and N.M. Stat. § 50-4-26(E).

34. Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendants in accordance with the provisions of the FLSA and NMMWA were willful and not in good faith.

35. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and NMMWA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the hourly-paid position of budtender at High Horse retail stores since October 2022, and who earned tips should receive notice and be given the opportunity to join the present lawsuit.

## **CLASS ACTION FOR VIOLATIONS OF THE NMMWA**

36. Defendants have violated the provisions of the NMMWA, resulting in damages to Plaintiffs and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

37. The NMMWA permits class actions. N.M. Stat. § 50-4-26(D).

38. The Class is defined as follows: All individuals employed by Defendants as hourly-paid budtenders in High Horse retail stores in New Mexico who earned tips since October 2022.

39. Upon information and belief, there are in excess of 40 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

40. There are questions of law and fact common to the members of the Class, including but not limited to whether Defendants violated the NMMWA by retaining Plaintiffs' tips, in violation of N.M. Stat. § 50-4-22(C).

41. Other common questions of law and fact include, but are not limited to:

   (a) Whether Defendants unlawfully withheld tips from Plaintiffs and Class Members;

   (b) Whether Defendants unlawfully withheld tips from Plaintiffs and Class Members and directed those tips to a charity which Defendants controlled;

   (c) Whether as a result of the violations of the NMMWA, Plaintiffs, as well as all members of the Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants and are entitled to an additional amount equal to two times the amount of unpaid or unlawfully withheld tips pursuant to N.M. Stat. § 50-4-26(C);

   (d) Whether Defendants were unjustly enriched by their practices; and

   (e) Whether as a result of violations of the NMMWA, Plaintiffs and the members of the Class are also entitled to an award of attorneys' fees.

42. The claims of Plaintiffs are typical of all members of the Class. Plaintiffs have the same interests in this matter as all members of the Class.

43. Plaintiffs Ochoa, Orona, and Villagomez are adequate class representatives, are committed to pursuing this action, and have retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

**COUNT ONE**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

44. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45. At all times material herein, Plaintiffs and similarly situated budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

46. Under the FLSA, an "employer may not keep tips received by its employees for any purposes." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

47. Defendants retained all of the tips that Plaintiffs received from customers, in violation of 29 U.S.C. § 203(m)(2)(B).

48. Any time Defendants directed customer tips to their charity organization, Defendants unlawfully withheld those tips from budtenders in violation of the FLSA.

49. Defendants' retention of tips caused Plaintiffs and those similarly situated to not be paid the full amount of tips owed to them pursuant to the FLSA.

50. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

51. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

52. The employment and work records for Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated. Defendants are

under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO

### VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

53. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

54. At all times material herein, Plaintiffs and all similarly situated, hourly-paid budtenders in New Mexico have been entitled to the rights, protections, and benefits provided under the NMMWA, N.M. Stat. § 50-4-19, *et. seq*.

55. The NMMWA states that "[a]ll tips received by such employees shall by retained by the employee." N.M. Stat. § 50-4-22(C).

56. Since at least on or around October 2022, Defendants have consistently denied Plaintiffs and all Class Members the tips to which they are entitled to under the NMMWA by:

   (a) Retaining all tips received by budtenders; and/or

   (b) Directing some amount of those tips to a charity.

57. As a result of the aforesaid willful violations of the NMMWA, compensation has been unlawfully withheld by Defendants from Plaintiffs and all Class Members, for which the Defendant is liable, together with an additional amount equal to two times the unpaid tips as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action. N.M. Stat. § 50-4-26.

58. The employment and work records for Plaintiffs and Class Members are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this

time the exact amount owing to him and to the Class. Defendants are under a duty imposed by N.M. Stat. § 50-4-9 to maintain and preserve Plaintiff's and Class Members' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT THREE

### UNJUST ENRICHMENT

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiffs and the Class are entitled to retention of all of the tips paid to them by customers.

61. Defendants failed to properly account for the tips paid to Plaintiffs and the Class and retained the fruits of the labor of Plaintiffs and the Class, and retained the monies that should have been paid to Plaintiffs and the Class as tips.

62. Defendants were unjustly enriched by their refusal to pay Plaintiffs and the Class all tips owed and have benefited at their expense.

63. Defendants should be required to disgorge this unjust enrichment.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against the Defendants as follows:

(a) Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, tips, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiffs, and all others who are similarly situated and the Class Members are entitled;

(c) Award Plaintiffs, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(e) Award Plaintiffs, all others who are similarly situated, and all Class Members, monetary damages under New Mexico law, N.M. Stat. §§ 50-4-26(C), (E), in the form of back pay compensation and benefits; disgorged tips, interest; and an additional amount equal to two times the amount of unpaid wages/tips as liquidated damages;

(h) Award Plaintiffs, all those similarly situated, and all Class Members their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(i) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: June 12, 2024                    Respectfully submitted,

*/s/ Stephen Curtice*
Shane Youtz
Stephen Curtice
James A. Montalbano
Grace Rhodehouse Barberena
Youtz & Valdez PC
900 Gold Ave. SW
Albuquerque, NM 87102
Telephone: (505) 244-1200
shane@youtzvaldez.com
stephen@youtzvaldez.com
james@youtzvaldez.com
grace@youtzvaldez.com

*/s/ Molly A. Elkin*
Molly A. Elkin (*pro hac vice to be submitted*)
Sarah M. Block (*pro hac vice to be submitted*)
Patrick J. Miller-Bartley (*pro hac vice to be submitted*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com
pmb@mselaborlaw.com

*Attorneys for Plaintiffs*