IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEENAY OCHOA,**
**ADRIAN ORONA,**
**JUAN VILLAGOMEZ,**
**and all others similarly situated,**

      Plaintiffs,

v.   No. 2:24-cv-00597-GBW-KRS

**RUBEN ISRAEL AGUILAR,**
**HIGH HORSE INVESTMENT LLC, and**
**HH ADMINISTRATION LLC,**

      Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES THERETO

Defendants in this case, by counsel InAccord, P.C., through attorney Daniel A. Ivey-Soto, hereby submit their Answer and Affirmative Defenses to Plaintiff's Collective and Class Action Complaint (the "Complaint"). Unless specifically admitted herein, Defendants deny each factual allegation of the Complaint.

1. Defendants admit that Plaintiffs are asserting the claims set forth in Paragraph 1 of the Complaint, but deny violating any laws that support a claim for relief requested by Plaintiffs. Defendants further deny:

    a. Plaintiffs are "similarly situated" to individuals they purport to represent,

    b. that this lawsuit is suitable for collective or class action treatment, and

    c. that Plaintiffs meet the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiffs are entitled to relief.

## JURISDICTION AND VENUE

2. Defendants state that Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the Court has jurisdiction over the general subject matter pursuant to 28 U.S.C. §§ 1331 and 1367. Defendants deny the remainder of the allegations.

3. Defendants state that Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that that if jurisdiction is conferred, then venue for this matter is proper.

4. Defendants admit that Plaintiffs were employed at High Horse dispensary locations. Defendants deny that Plaintiffs were employed by Defendant Ruben Aguilar or that Defendant Ruben Aguilar is a proper party to this suit. Defendants further admit that Plaintiffs filed a purported consent in this lawsuit. Defendants deny (a) that Plaintiffs are "similarly situated" to individuals they purport to represent, (b) that this lawsuit is suitable for collective or class action treatment, and (c) that Plaintiffs meet the necessary requirements to bring a collective and/or class action or act as representatives, and/or that Plaintiffs are entitled to relief. Defendants deny the remainder of the allegations.

5. Defendants admit that High Horse Investment, LLC is a New Mexico Corporation and that it does business in New Mexico as alleged in Paragraph 5 of the Complaint. Defendants deny that Ruben Aguilar is the registered agent for High Horse Investment, LLC.

6. Defendants admit that HH Administration, LLC is a New Mexico Corporation and that it does business in New Mexico as alleged in Paragraph 6 of the Complaint. Defendants deny that Ruben Aguilar is the registered agent for HH Administration, LLC.

7. Defendants admit that Ruben Aguilar resides in New Mexico. Defendants deny the allegations regarding Ruben Aguilar's ownership of High Horse Investment, LLC and HH Administration, LLC as incomplete. Defendants admit that Ruben Aguilar is involved with day-to-day operations in the business, but deny that he is the only person involved in the operation thereof.

8. Plaintiff's allegations in Paragraph 8 are compound and, in their present form, are denied. Defendants admit that Defendant High Horse Investment, LLC has owned dispensaries in New Mexico.

9. Plaintiff's allegations in Paragraph 9 are compound and, in their present form, are denied. Defendants admit that Defendant High Horse Investment, LLC owned a dispensary in Hobbs, New Mexico.

10. Defendants state that Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that each Defendant is a "person" within the meaning of 29 U.S.C. § 203(a) but deny that any Defendant acted as Plaintiffs' "employer" under the Fair Labor Standards Act (FLSA) or New Mexico Minimum Wage Act (NMMWA).

11. Defendants deny that Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1).

12. Defendant admit the allegations in Paragraph 12.

13. Defendant High Horse Investment, LLC admits the allegations in Paragraph 13 of the Complaint. As to the other Defendants, deny.

14. Defendant High Horse Investment, LLC admits the allegations in Paragraph 13 of the Complaint. As to the other Defendants, deny.

15. Defendant High Horse Investment, LLC admits the allegations in Paragraph 13 of the Complaint. As to the other Defendants, deny.

16. Defendant High Horse Investment, LLC admits the allegations in Paragraph 13 of the Complaint. As to the other Defendants, deny.

17. Defendants deny all of the allegations in Paragraph 17. High Horse employees are not tipped employees during regular shifts. High Horse employees are informed of the tipping prohibition at the time of their employment and accept this as a condition of their employment.

18. Defendants admit that High Horse dispensaries accept cash, but deny all of the remaining allegations in Paragraph 17. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips.

19. Defendants deny the allegations in Paragraph 19. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips.

20. Defendants deny the allegations in Paragraph 20. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips.

21. Defendants deny the allegations in Paragraph 20. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips.

22. Defendants deny the allegations in Paragraph 20. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips. The "karma jars" are not tip jars. Defendants admit that the "karma jars" were used to gather money for donation.

23. Defendants deny the allegations in Paragraph 23. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips. The money gathered was not tips.

24. Defendants deny the allegations in Paragraph 24 and state that Paragraph 24 is a compound claim. Defendants admit that employees working regular shifts at High Horse

dispensaries are prohibited from accepting tips. Defendants deny that employees did not accept the prohibition on tipping during regular shifts at High Horse Dispensaries at the time of their employment.

25. Defendants object to the repeated use of compound claims in single statements. Defendant deny that donations collected were tips. Defendants admit that employees were forbidden from accepting tips as a condition of their employment. Defendants admit that employees who violated that condition could be subject to discipline.

26. Defendants deny the allegations in Paragraph 26. Employees working regular shifts at High Horse dispensaries are prohibited from accepting tips.

27. Defendants admit that they did not provide Plaintiffs with information about donations. Defendants deny that Plaintiffs are entitled to any information. Defendants deny that the donations were tips. Defendants admit that tipping was prohibited during regular shifts in High Horse dispensaries.

28. Defendants deny the allegations in Paragraph 28. Tipping is prohibited at High Horse dispensaries during regular shifts.

29. Defendants admit that High Horse employees may be required to work at more than one dispensary location.

30. Defendant denies that records relating to tips are maintained — tipping is prohibited during regular shifts at High Horse operations and, therefore, no information about tipping should be available to be maintained. As to the rest of the allegations in Paragraph 30, Defendants admit.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND NMMWA

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

## CLASS ACTION FOR VIOLATIONS OF THE NMMWA

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants state that Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny (a) that Plaintiffs are "similarly situated" to individuals that they purport to represent, (b) that this lawsuit is suitable for collective or class action treatment, and (c) that Plaintiffs meet the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiffs are entitled to relief.

38. Defendants state that Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny (a) that Plaintiffs are "similarly situated" to individuals that they purport to represent, (b) that this lawsuit is suitable for collective or class action treatment, and (c) that Plaintiffs meet the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiffs are entitled to relief.

39. Defendants state that Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny (a) that Plaintiffs are "similarly situated" to individuals that they purport to represent, (b) that this lawsuit is suitable for collective or class action treatment, and (c) that Plaintiffs meet the necessary requirements to bring a collective and/or class action or act as a representative, and/or that Plaintiffs are entitled to relief.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

45. Defendants admit that Plaintiffs and other employees are entitled to certain rights, protections, and benefits under the FLSA. Defendants deny the remainder of the allegations.

46. Defendants state that Paragraph 46 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself but deny tipping was permitted during regular shifts at High Horse dispensaries or that any Defendant violated any laws that support a claim for relief requested by Plaintiff.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants state that Paragraph 52 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself. Defendant HH Administration, LLC admits that it has access to employment and

work records for Plaintiffs and putative class or collective members. Defendants deny the remainder of the allegations.

## COUNT TWO
## VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

53. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

54. Defendant High Horse Investment, LLC admits that Plaintiffs and other employees are entitled to certain rights, protections and benefits under the NMMWA. Defendants deny the remainder of the allegations.

55. Defendants state that Paragraph 59 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the NMMWA speaks for itself but deny any implication that any Defendant violated any laws that support a claim for relief requested by Plaintiff.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants state that Paragraph 58 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants state that the cited portion of the FLSA speaks for itself. Defendant HH Administration, LLC admits that it has access to employment and work records for Plaintiffs and Putative Class Members. Defendants deny the remainder of the allegations.

## COUNT THREE UNJUST ENRICHMENT

59. Defendants reallege and incorporate their responses to all previous paragraphs as though fully set forth herein.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants are not required to affirm or deny Plaintiff's Prayer for Relief, but affirmatively states there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff. Accordingly, Defendants deny that Plaintiff or the putative class or collective members are entitled to any of the relief requested, or any relief at all, and to the extent the Prayer contains any factual allegations, Defendants deny the allegations contained therein.

## JURY TRIAL DEMAND

Defendants are not required to affirm or deny demand for a jury trial, but affirmatively states there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff. Defendants demand a jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant Ruben Aguilar is not a proper party to this Complaint.

2. Plaintiffs' claims fail because Plaintiff and any putative class or collective members were not tipped employees during regular shifts.

3. If any Plaintiff on a regular shift is found to be a tipped employee of any Defendant, which Defendants expressly deny, to the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, including but not limited to the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) and/or N.M. Stat. Ann. 37-1-5, such claims are barred. This defense also may apply to the claims of some or all of the putative class or collective members.

4. If any Plaintiff on a regular shift is found to be a tipped employee of any Defendant, which Defendants expressly deny, Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 and New Mexico law because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written and unwritten administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all putative class or collective members.

5. If any Plaintiff on a regular shift is found to be an employee of any Defendant, which Defendants expressly deny, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and New Mexico law, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the NMMWA. This defense also may apply to the claims of some or all putative class or collective members.

6. If any Plaintiff is found to have been permitted to accept tips, which Defendants expressly deny as to regular shifts, Defendants did not under any circumstances allow managers or supervisors to keep any portion of any such tip.

7. To the extent that Plaintiff states a claim against Defendants, Plaintiffs' claims cannot be maintained as a class action because Plaintiffs are not adequate collective/class action representatives and issues pertaining to Plaintiffs are not sufficiently particular to any other putative class or collective members.

8. The Complaint fails to state a cognizable class under 29 U.S.C. § 216, Federal Rule of Civil Procedure 23, and/or any other applicable rule or law governing the maintenance of collective or class actions, including but not limited to Plaintiffs' overly broad class definition.

9. Plaintiffs' class action allegations fail to establish the requisite numerosity, commonality, typicality of claims and defenses, and representative status and/or standing, or the prongs of predominance or superiority pursuant to Federal Rule of Civil Procedure 23. If the Court certifies a class in this case over Defendants' objections, then Defendants assert the additional defenses set forth herein against each and every member of the certified class.

10. Plaintiffs' claims preclude certification of any purported NMMWA class or FLSA collective because the determination of liability for Plaintiff and each putative class and collective member would be highly individualized and would predominate over any trial.

11. Plaintiffs cannot establish the necessary procedural elements for collective treatment. If the Court conditionally certifies a collective in this case over Defendants' objections, then Defendants assert the additional defenses set forth herein against each and every member of the certified collective.

12. Plaintiffs' claims, and the claims of any putative class or collective member, are barred to the extent that they approved and ratified the actions complained of in the Complaint.

13. Plaintiffs' alleged damages, and the alleged damages of any putative class or collective member, if any, were caused by their own actions or omissions, or the actions or omissions of third parties.

14. Defendants allege that Plaintiffs are not entitled to an award of prejudgment interest if they prevails on any or all stated claims. This defense may also apply to the claims of some or all putative class or collective members.

15. Liability and/or damages, if any, to each member of the putative class or collective may not be determined on a group-wide basis based on representative discovery and permitting this action to proceed as a class or collective action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution and any applicable provision of the New Mexico constitution.

16. Plaintiffs may not recover any damages or other relief to the extent such relief is duplicative. This defense may also apply to the claims of some or all putative class or collective members.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

18. Plaintiffs' claims for unjust enrichment is barred, in whole or in part, as Plaintiff has a complete and adequate remedy at law.

19. Plaintiffs' claims are barred to the extent any Plaintiff petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

20. Defendants reserve the right to assert additional defenses or claims which may become known during the course of investigation and discovery.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered on Plaintiff's Complaint in favor of Defendants, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. That Plaintiffs take nothing from their Complaint;

3. That the Court award Defendants the costs they incurred in having to defend against Plaintiffs' claims; and

4. That the Court award Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**InAccord, P.C.**

/s/ (Electronically Filed)
Daniel A. Ivey-Soto
Attorney for Defendants
1420 Carlisle Blvd NE Ste 208
Albuquerque, NM 87110-5662
(505) 881-4475
(505) 248-1234
Daniel@InAccord.pro

I certify that a copy of the foregoing was filed via the Court's CM/ECF electronic document filing and delivery service on the date indicated in the Court-affixed header:

Shane Youtz
Stephen Curtice
James A. Montalbano
Grace Rhodehouse Barberena
Youtz & Valdez PC
900 Gold Ave. SW
Albuquerque, NM 87102
Telephone: (505) 244-1200
shane@youtzvaldez.com

stephen@youtzvaldez.com
james@youtzvaldez.com
grace@youtzvaldez.com

—and—

Molly A. Elkin
Sarah M. Block
Patrick J. Miller-Bartley
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com
pmb@mselaborlaw.com