IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DEENAY OCHOA<br><br>ADRIAN ORONA<br><br>JUAN VILLAGOMEZ,<br><br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBEN ISRAEL AGUILAR<br><br>HIGH HORSE INVESTMENT LLC, and<br><br>HH ADMINISTRATION LLC,<br><br>Defendants. | 2:24-cv-00597-WJ-KRS<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on September 30, 2024 via Conference Call at 12:30 p.m. Mountain Time / 2:30 p.m. Eastern Time, and was attended by:

Molly A. Elkin and Patrick J. Miller-Bartley for Plaintiff(s), and

InAccord, P.C. (Daniel A. Ivey-Soto) for Defendants.

**NATURE OF THE CASE**

Plaintiffs were all "budtenders" at Defendants' "High Horse Cannabis Company" cannabis dispensaries. As budtenders, they were responsible for serving customers in-store and at drive-through windows. Plaintiffs allege that Defendants improperly retained tips to which Plaintiffs were entitled, and they bring this case under the Fair Labor Standards Act (FLSA), the New Mexico Minimum Wage

1

Act (NMMWA), and New Mexico common law to recover such tips. Defendants allege that all positions in its dispensaries were untipped and denies that it violated the law.

## **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiffs intend to file: (1) further consent-to-sue forms on behalf of budtenders who have not yet joined this case through October 29, 2024; (2) a motion for notice and conditional certification under the Fair Labor Standards Act by October 29, 2024, and (3) a motion for class certification pursuant to Fed. R. Civ. P. 23 prior to the close of discovery.

Plaintiff(s) should be allowed until October 29, 2024, to amend the pleadings, and will also continue to add Opt-In Plaintiffs to this case by filing their consent-to-sue forms through October 29, 2024, after which Plaintiffs will seek Defendants' consent prior to filing additional consent forms. However, as discussed above, Plaintiffs intend to file a motion asking the Court to conditionally certify a collective action and authorize Court-supervised notice. Depending on when and how the Court rules on that motion, the proposed October 29, 2024, deadline to opt in may need to be adjusted.

Defendants(s) should be allowed until November 29, 2024 to amend the pleadings and until October 29, 2024, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: Motion(s) to Dismiss, Motion for Summary Judgment; Motion to Remand and/or to Dismiss for Lack of Subject Matter Jurisdiction, appropriate motions to reject the inappropriate request for class certification, motions *in limine* and motions related to discovery and other motions as appropriate.

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: At this stage, the Parties stipulate to what Defendants have admitted in their Answer. (Dkt. 14).

The parties further stipulate and agree that the law governing this case is: the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the New Mexico Minimum Wage Act, N.M. Stat § 50-4-19, *et seq.*; and the common law of New Mexico, including any legislative codification of common law principles.

## **PLAINTIFFS' CONTENTIONS**

Plaintiffs contend that they, and all others similarly situated, have been employed by Defendants from mid-2022 onwards in the role of budtenders at Defendants' four High Horse Cannabis Co. cannabis dispensaries in New Mexico. The role of budtender is a customer-facing, customer-service role wherein Plaintiffs assist customers in selecting and purchasing cannabis products. During this time, Defendants improperly retained tips that Plaintiffs received from customers in the course of serving those customers in violation of 29 U.S.C. § 203(m)(2)(B) and 29 C.F.R. § 531.50 and N.M. Stat. § 50-4-22(C). A tip "is a sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer." 29 C.F.R. § 531.52(a).

When customers presented Plaintiffs with tips in recognition of Plaintiffs' work assisting customers with their cannabis purchases, Defendants took possession of those amounts and used them for their own purposes, either by removing the tips from a tip jar or other receptacle into which customers placed tips, or by requiring Plaintiffs to surrender tips they directly received. Plaintiffs allege that they are entitled to disgorgement of these tips under the FLSA, the NMMWA, and common law, and that this conduct lacked good faith and reasonableness, thus entitling Plaintiffs to liquidated damages in an amount equal to their backpay under the FLSA, 29 U.S.C. § 216(b), as well as that Defendants willfully violated the law, thereby extending the statute of limitations from two to three years under the FLSA, 29 U.S.C. § 255(a). Plaintiffs further allege

3

that they are entitled to an award of liquidated damages equal to twice the amount of tips unlawfully withheld under the NMMWA, N.M. Stat. § 50-4-26(c), along with reasonable attorneys' fees and the costs of the action.

## DEFENDANT'S CONTENTIONS:

Defendants do not permit the acceptance of tipping/gratuities by any employees working regular shifts in its dispensaries. The prohibition on tipping/gratuities was clearly stated in each employee's handbook. The prohibition on tipping/gratuities was a condition of employment. Any tipping that may have occurred was in violation of the terms of each employee's conditions of employment. The employees in question in this case were "counter sales" employees. Defendants allege that each counter sales employee received a copy of the employee handbook and both 1) understood and 2) agreed at the time that each new hire accepted employment that no gratuities were permitted to be accepted by any employee working a regular shift at any dispensary. The prohibition on tipping was a condition of employment.

## PROVISIONAL DISCOVERY PLAN

The parties propose to the Court the following witnesses, exhibits, and anticipated topics for discovery. Because the size of the case may vary based on who, if anyone further, joins the case, and because size is further impacted by any formal, court-authorized notice the court may permit following Plaintiffs' motion to conditionally certify a collective and issue notice, the parties propose and further agree to discuss a provisional discovery plan after any collective notice period closes, and will submit to the court a provisional discovery plan within fourteen days after the close of any notice period.

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiffs' Anticipated Witnesses:**

- The following Plaintiff Budtenders: Deenay Ochoa, Named Plaintiff; Adrian Orona, Named Plaintiff; Juan Villagomez, Named Plaintiff; and any Opt-In Plaintiffs. These anticipated witnesses can be contacted at: c/o McGillivary Steele Elkin LLP, 1101 Vermont Ave. NW, Suite 1000, Washington, DC 20005. They will testify about their experiences as budtenders while employed by Defendants including but not limited to their job duties; compensation and hours worked; Defendants' tip pool policies and practices, including but not limited to the retention of pooled tips; and communications with supervisors and managers regarding the issues set forth in the Complaint.

- Corporate representative(s) of Defendants to testify pursuant to Fed. R. Civ. P. 30(b)(6) – These individuals will testify as to all topics set forth in Plaintiffs' forthcoming Notice of Rule 30(b)(6) Deposition(s), including: Defendants' payroll and timekeeping policies and practices; Defendants' tip pool policies and practices, including but not limited to policies and practices related to the retention and use of tips; budtenders' job duties and responsibilities; Defendants' corporate structure and hierarchy; and Defendants' efforts to comply with the FLSA and New Mexico law.

- An expert or Fed. R. Evid. 1006 witness – This individual will testify to an analysis of Defendants' payroll and timekeeping data, and any other records of tips, and Plaintiffs' calculation of damages. Such an individual has not yet been identified or retained by Plaintiffs, but to the extent such an individual is identified, Plaintiffs will disclose all required information in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and any other applicable Orders of this Court.

For all individuals listed above other than Named Plaintiffs, Opt-In Plaintiffs, and potential expert witnesses or Fed R. Evid. 1006 witnesses, Defendants have greater ability to contact them than do Plaintiffs. Plaintiffs will continue to supplement this list, as appropriate, in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and any other applicable rules or Orders.

**Defendants' Anticipated Witnesses:**

1) All witnesses identified by Plaintiffs whether or not actually called.

2) The following Assistant and Compliance Managers:

    - Noemi Gonzalez, Assistant Manager;
    - Joshua Perez, Assistant Manager;
    - Aaron Carmona, Assistant Manager;
    - Samuel Munoz, Assistant Manager;
    - Stephen Murillo, Assistant Manager;
    - Crystal Landeros, Assistant Manager;
    - Tabitha Amaya, Assistant Manager;
    - Nicole Baca, Assistant Manager;
    - Andrew Cossio, Assistant Manager;
    - Joshua Daly-Astorga, Assistant Manager;
    - Ricardo Morales, Assistant Manager;
    - Patrick Vega, Jr., Assistant Manager;
    - Arianna Venegas, Assistant Manager;
    - Mariah Armendariz Primero, Compliance Manager.

    These individuals' addresses are to be provided. These witnesses will testify that counter sales and other employees working regular shifts in High Horse Dispensaries were prohibited from accepting tips or gratuities, that employees were provided with a copy of the employee handbook which includes the prohibition on tips and gratuities, that "Karma Jars" were not tip collections, and may provide other relevant and admissible testimony.

3) The following Counter Sales Employees:

    - Blas Lozano;
    - Mercedez Pena;
    - Kayla Sandoval;
    - Jacqueline Tellez;
    - Maxine Armendariz;
    - Destiny Clark;
    - Jazlyn Gonzalez;
    - Alyssa Rodriguez Guillen;
    - Adrian Orona;
    - Laura Stovall;
    - Casey Garcia;
    - Brittany Hernandez;
    - Sage Johnston;
    - Brandie Montoya Sifuentes;
    - Maia Orrantia;
    - Urcela Torres;
    - Andres Corral;
    - Jahi Perry;
    - Aaron Johnson;
    - Breana Le Roy;
    - Brian Mendez;
    - Feliciana Moreno;
    - Leyla Munden;
    - Jackie Ostos;
    - Juan Villagomez;
    - Melissa Almaraz;
    - Jackie Armendariz;
    - Vanity Gonzalez;
    - Krystal Heredia;
    - David Hill II;
    - Alyssa Ortiz N.;
    - Chantal Ramirez;

- Sonya Bailey;
- Lauren Hirsch;
- Dominique Otero;
- Hector Delgado;
- Serena Carrizosa;
- Zachaeriah Lira;
- Christian Nevarez;
- Yusuf Spencer Shells;
- Immanuel Apodaca;
- Valeria Monsivais;
- Andrew Trevino;
- Aidan Trujillo;
- William Wiggins;
- Eusebio Duran;
- Juan Gonzales;
- Anthony Holguin;
- Tristen Holland;
- Sean Bolen;
- Amanda Henderson;
- Karen Cortez Abrazaldo;
- Adriana Acosta;
- Anisa Aguirre;
- Yazmyn Atkins;
- Dalton Carabajal;
- Zeda Contreras;
- Abraham Cordova;
- Genesis Vasquez Sanchez;
- Amber Vigil;
- Sandra Antillon;
- Irvin Reyes;
- Rebecca Holguin Andrada;
- Deenay Ochoa;
- Johnny Rodriguez Islas;
- Ivan Madrid;
- Victoria Relerford;
- Evans Aguero;
- Daniel Amaya;
- Christian Carvajal;
- Demetric Daniels;
- Nolan Elix;
- Trisha Fasolino;
- Vanessa Gamboa;
- April Gonzalez;
- Vanessa Isleib;
- Sonny Lozoya;
- Lorenzo Martinez;
- Angel Nunez;
- Victor Pardo;
- Leopoldo Rodriguez;
- Kenal Lee Mae Vancleave;
- Georgina Vasquez;
- Santiago Vigil.

These individuals' addresses are to be provided. These individuals will testify that counter sales and other employees working regular shifts in High Horse Dispensaries were prohibited from accepting tips or gratuities, that employees were provided with a copy of the employee handbook which includes the prohibition on tips and gratuities, that "Karma Jars" were not tip collections, and may provide other relevant and admissible testimony.

4) Defendant will call rebuttal witnesses as appropriate.

5) Defendant will call other witnesses identified in discovery.

6) Defendant may call expert witnesses in accordance with the Court's scheduling order and the Rules of Civil Procedure.

**Plaintiffs' Anticipated Exhibits:**

- Documents reflecting the corporate structure and hierarchy of Defendants and their relationship to one another;

7

- Payroll and employment records for Named Plaintiffs, Opt-In Plaintiffs, and putative Class Members;

- Documents reflecting Defendants' compensation policies and procedures, including any documents reflecting Defendants' policies and practices with respect to the use of tips or any other money provided by customers on top of the purchase price of their products;

- Documents reflecting any relevant rules of conduct, policies, procedures, or practices governing Plaintiffs' employment, including but not limited to employee handbooks or other similar documents;

- Records reflecting receipt, retention, and distribution of tips or any other money provided by customers on top of the purchase price of their products;

- Documents reflecting communications made to budtenders about their retention of tips or any other money provided by customers on top of the purchase price of their products, including any communications instructing budtenders what to tell customers about the disposition of any money those customers provided in addition to the purchase price of their products;

- Documents reflecting any signage or other communications to customers about the disposition of any money they provided on top of the purchase price of their products;

- Damages models, including any FRE 1006 damages summaries;

- Any materials prepared, reviewed, or relied upon by any expert witness;

- Documents gathered, identified, or produced during discovery; and

- Rebuttal exhibits, as necessary.

**Defendants' Anticipated Exhibits:**

- Documents reflecting Defendants' prohibition on tipping, including the acceptance of any tip or gratuity by any employee working a regular shift in any of Defendants' dispensaries.

- All exhibits identified by Plaintiffs.

- Rebuttal exhibits as appropriate.

**Discovery will be needed on the following subjects:**

- Budtenders' (as Plaintiffs refer to them)/Counter Sales Employees' (as Defendants refer to them) job duties and responsibilities;

- All rules of conduct, policies, procedures, or practices governing Plaintiffs' employment by Defendants;

- Defendants' compensation, timekeeping, and payroll policies, procedures, and practices;

- Defendants' tipping policies, procedures, and practices;

- Defendants' policies, procedures, and practices regarding amounts provided by customers on top of the purchase price of their products that Defendants represent were not tips, including communications to Plaintiffs and customers about these amounts;

- The amount of tips or other money provided by customers on top of the purchase price of their products during the recovery period;

- The retention, distribution, or other disposition of any tips or other money provided by customers on top of the purchase price of their products during the recovery period;

- Defendants' corporate structure and hierarchy, including the relationship between and among the Defendants; and

- Defendants' defenses, including regarding any prohibition against any employee working a regular shift at a dispensary accepting any tips/gratuities.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

The Parties do not agree on the maximum number of depositions that will be allowed by each party. Plaintiffs believe, consistent with FRCP rule 30(a)(2)(A)(i), that 10 is the appropriate number absent leave of court, while Defendants believe that 25 is the appropriate number of depositions per Party. Nevertheless, the Parties believe that there is a likelihood that this disagreement will never become material. As such, the Parties propose and respectfully request that this plan merely reflect their disagreement, and, if a dispute over the appropriate number of depositions does materialize in the future, the Parties will seek the court's aid in resolving the dispute at that time.

Additionally, to the extent the Court authorizes Notice, the Parties intend to enter into a discovery stipulation which will govern the selection and use of a subset of Opt-In Plaintiffs as "representative plaintiffs" for purposes of discovery and summary judgment. In the event the Parties enter into such a stipulation, the Parties agree to revisit the maximum number of depositions to be taken by the Parties.

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Each deposition of a Named Party (not to include Opt-In Plaintiffs) but including any deposition of a designated witness pursuant to Fed. R. Civ. P. 30(b)(6), shall be limited to a maximum of 7 hours.

All other depositions, including those of Opt-In plaintiffs, shall be limited to a maximum of 4 hours.

Reports from retained experts under Rule 26(a)(2) due:

- From Plaintiffs by 45 days after the close of fact discovery; and
- From Defendants by 45 days after the close of fact discovery.

Supplementation under Rule 26(e) due with a reasonably prompt time after discovery of the information requiring supplementation.

All discovery, including fact and expert discovery, commenced in time to be complete 120 days from the deadline to opt-into the case pursuant to an Order authorizing Court-supervised Notice, or in the event that the Court denies Notice, 120 days from the date that the Court denies Notice.

The Parties will exchange their Rule 26 initial disclosures by October 11, 2024.

## PRETRIAL MOTIONS

Plaintiffs intend to file: (1) a motion for conditional certification of a collective action and Court-Supervised Notice no later than October 29, 2024; (2) a motion for Rule 23 class certification after the completion of at least some initial discovery, and by no later than the close of fact discovery; and (3) a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendants intend to file: Motion(s) to Dismiss, Motion for Summary Judgment; Motion to Remand and/or to Dismiss for Lack of Subject Matter Jurisdiction, appropriate motions to reject the inappropriate request for class certification, motions *in limine* and motions related to discovery and other motions as appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

____ This is a non-jury case.

__x__ This is a jury case.

The parties request a pretrial conference 60 days after the final resolution of any motions for summary judgment.

## SETTLEMENT

The possibility of settlement in this case is considered unknown, and may be enhanced by use of the following alternative dispute resolution procedure: mediation. The parties are still in the process of exploring whether use of formal alternative dispute resolution procedures will be necessary. It is the Parties' position that either a mediation session or settlement conference with the Court may be of use after the completion of some initial document discovery.

## EXCEPTIONS

As discussed above, the Parties do not agree on the maximum number of depositions that will be allowed by each Party. However as discussed above, because the Parties believe that they

will ultimately be able to agree on the number of deponents per side, the Parties propose and respectfully request that this plan merely reflect their disagreement, and, if a dispute over the appropriate number of depositions does materialize in the future, the Parties will seek the court's aid in resolving the dispute at that time.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

Dated: 10/21/204

/s/ Molly A. Elkin
Molly A. Elkin (*admitted pro hac vice*)
Patrick J. Miller-Bartley (*admitted pro hac vice*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
pmb@mselaborlaw.com

/s/ Stephen Curtice
Shane Youtz
Stephen Curtice
Youtz & Valdez PC
900 Gold Ave. SW
Albuquerque, NM 87102
Telephone: (505) 244-1200
shane@youtzvaldez.com
stephen@youtzvaldez.com

*Attorneys for Plaintiffs*

/s/ Daniel A. Ivey-Soto
Daniel A. Ivey-Soto
InAccord, P.C.
1420 Carlisle Blvd. NE, Ste. 208
Albuquerque, NM 87110-5662
Tel: (505) 881-4475
Fax: (505) 248-1234
Daniel@InAccord.pro

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification Counsel for Defendants:

Daniel A. Ivey-Soto
InAccord, P.C.
1420 Carlisle Blvd. NE, Ste. 208
Albuquerque, NM 87110-5662
Tel: (505) 881-4475
Fax: (505) 248-1234
Danial@InAccord.pro

                                           */s/ Stephen Curtice*
                                           Shane Youtz
                                           Stephen Curtice
                                           Youtz & Valdez PC
                                           900 Gold Ave. SW
                                           Albuquerque, NM 87102
                                           Telephone: (505) 244-1200
                                           shane@youtzvaldez.com
                                           stephen@youtzvaldez.com

                                           *Attorney for Plaintiffs*